**MANDATORY FORM PLAN (Revised 12/2014)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION at CINCINNATI

| | | |
|---|---|---|
| **In re:** Greg William Gavin<br>Carrie Ann Gavin | : | Case No. |
| | : | Chapter 13 |
| | : | Judge |
| Debtor(s) | | |

# CHAPTER 13 PLAN

**NOTE:** The term "Debtor" as used throughout this Plan shall refer to either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the Mandatory Form Plan adopted in the Western Division at Cincinnati. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

**CHOOSE ONE: (X)**

☒ Original Chapter 13 Plan
☐ Amended Chapter 13 Plan

**CHOOSE ONE: (X)**

☐ This Plan DOES <u>NOT</u> include any provision deviating from the uniform plan in effect at the time of filing this case.

☒ This Plan DOES contain special provisions and they are set forth in Paragraph 30

**Debtor filed this case on**    February 23, 2015

**CHOOSE: (X)**

☒ Debtor  Greg William Gavin   (Name)/   ☒ Joint Debtor  Carrie Ann Gavin

**(NAME)** is/are eligible for discharge under 11 U.S.C. § 1328(f) and shall receive a discharge when all applicable requirements of 11 U.S.C. § 1328 have been fulfilled.

☐ Debtor  _____   (Name)/   ☐ Joint Debtor  _____

**(NAME)** is/are NOT eligible for discharge under 11 U.S.C. § 1328(f) and SHALL NOT receive a discharge upon completion of this case. (No discharge because Debtor has received a discharge in a case filed under Chapter 7, 11, or 12 within the four (4) year period preceding the date of the order for relief in this Chapter 13 case or because Debtor has received a discharge in a case filed under Chapter 13 within the two (2) year period preceding the date of the order for relief in this Chapter 13 case. *See* 11 U.S.C. § 1328(f). List the case number(s) and date(s) below.)

**MANDATORY FORM PLAN (Revised 12/2014)**

| Debtor/Joint Debtor/Both | Case Number | Chapter | Date Filed | |
|---|---|---|---|---|
|  |  |  |  |  |

Unless otherwise provided herein, Debtor will not be discharged from debts under 11 U.S.C. § 1322(b)(5).

**1. MEDIAN INCOME, PLAN PAYMENT AND PAYROLL DEDUCTION**

**A. MEDIAN INCOME**

**CHOOSE ONE: (X)**

☐ Debtor is BELOW median income.

Unless allowed unsecured claims are to be paid 100%, this Plan shall not provide for less than the sum of thirty-six (36) monthly Plan payments.  This provision does not prohibit Debtor from moving for leave to prepay the Plan prior to thirty-six (36) months of Plan payments.

☒ Debtor is ABOVE median income.

Unless allowed unsecured claims are to be paid 100%, this Plan shall not provide for less than the sum of sixty (60) monthly Plan payments. This provision does not prohibit Debtor from moving for leave to prepay the Plan prior to sixty (60) months of Plan payments.

Current monthly income (CMI) minus means test expenses (IRS amounts) = Disposable income (D/I)

D/I (line 45 of Official Form 22C-2) $ __-1,039.10__      TIMES 60 = $ __-62,346.00__

Unsecured creditors shall receive this amount at a minimum absent special circumstances set forth herein.

☐ *Hamilton v. Lanning (In re Lanning)*,      130 S. Ct. 2464 (2010) circumstances ARE applicable to this case. Debtor is unable to meet the disposable income amount to unsecured creditors because

Debtor will provide tax returns and paystubs to Debtor's attorney by April 15th of every year.  Debtor's attorney will file a status report on Debtor's income and state whether *In re Lanning* circumstances still exist by April 30th of every year, and file amended Schedules I, J, and a motion to modify plan if income increases.  This is a sixty (60) month plan.

**B. PLAN PAYMENT**

Debtor's first Plan payment is due within thirty (30) days of the filing of the bankruptcy petition.  Debtor shall pay to the Trustee all projected disposable income in the amount of $ __2,435.00__

**each** month for approximately __60__ months, but not to exceed five (5) years.

After the deadline for allowed claims has expired, if the Plan will complete in fewer months than the applicable commitment period set forth in 11 U.S.C. § 1325(b)(1)(B), the Trustee may notify Debtor's attorney via email, and at least fourteen (14) days later shall be entitled to file a notice of increased Plan percentage accordingly.

**MANDATORY FORM PLAN (Revised 12/2014)**

### C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT

**CHOOSE ONE: (X)**

☒ This is a percentage plan.  The percentage is  5.00  %.

☐ This is a pot plan.

**Liquidation Analysis per 11 U.S.C. § 1325(a)(4):**

Equity $ 0.00    DIVIDED BY unsecured debt $ 40,288.93    EQUALS Liquidation plan percentage 0.00 %.

The Trustee will pay this amount at a minimum or the disposable income (D/I) amount, whichever is greater.

**Pot Plan Analysis:**

Trustee will pay the creditors the pot plan amount of $ _____

Anticipated pot plan percentage is _____ %.  *See* LBR 3015-1(b)(2).

Case will pay $ _____ per month for approximately _____ months which equals $ _____  Unsecured creditors will receive a minimum of _____ %. pursuant to the Liquidation Analysis.

Trustee may notify Debtor's attorney if pot amount is insufficient to pay all claims as filed or meet the liquidation analysis. Trustee may file a motion to dismiss for failure to file documents, if a motion to modify plan or agreed order is not filed to resolve the insufficient pot amount.

### D. PAYROLL DEDUCTION

The first payment is due (30) days after the date of the filing of the Plan or the order for relief, whichever is earlier, unless the Court orders otherwise. *See* 11 U.S.C. § 1326(a)(1).

The employer shall make deductions from Debtor's wages and send deductions to the Trustee.

| Name of employer |
|---|
| LaRosa's |

Until the payroll deduction order begins, Debtor MUST make payments by certified check or money order to:

Office of the Trustee
P.O. Box 290
Memphis, TN 38101-0290

Debtor's full name, case number and address must be on all certified checks or money orders. If Debtor is employed, Debtor's attorney has uploaded a payroll deduction order with the filing of this case. Debtor MUST VERIFY with their employer that funds have actually been sent.

Case 1:15-bk-10590 Doc 2 Filed 02/23/15 Entered 02/23/15 16:35:37 Desc Main
Document    Page 4 of 12

**MANDATORY FORM PLAN (Revised 12/2014)**

## 2. EFFECTIVE DATE OF PLAN AND VESTING OF PROPERTY OF THE ESTATE

The effective date of the Plan shall be the date of confirmation of the Plan.

Title to Debtor's property shall revest in Debtor upon confirmation of the Plan; provided, however, Debtor may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in LBR 6004-1(c), unless the unencumbered value of the personal property is less than $1,000.

## 3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS

**PRIORITY PAYMENTS**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. *See* Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless the Court orders otherwise. Priority claims include the following:

| Priority Creditor | Monthly Payment | Interest Paid (None OR Indicate %) |
|---|---|---|
| Hamilton County | $70.00 | 0.00% |
| Woods Cove | $110.00 | 0.00% |

## 4. ATTORNEY FEES

The Trustee shall pay attorney fees pursuant to filed application for fees and order of the Court.

Debtor's attorney will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments or Trustee fees and then $ 150.00
(suggested amount is $100 to $200) every month until the attorney fee is paid.

After payment in full of attorney fees due to Debtor's attorney, any resulting additional funds shall be distributed pro rata, or otherwise at the Trustee's discretion, to secured and priority creditors. If monthly secured and priority payments exceed the Plan payment, monthly attorney fee payments shall be reduced accordingly.

## 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS

Debtor shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. § 1326(a)(1)(B) and (C) and as scheduled in the Plan to the Trustee. If the case is dismissed or converted, the Trustee shall pay these adequate protection payments to the creditor.

The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
|  |  |  |

**MANDATORY FORM PLAN (Revised 12/2014)**

To the extent that this Paragraph duplicates Paragraphs 7 and 8, monthly payments proposed for secured claims in Paragraphs 7 and 8 supplant these monthly adequate protection payments.

### 6. SECURED CLAIMS: 11 U.S.C. § 1325(a)(5)(B)(ii)

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt determined under applicable non-bankruptcy law or entry of discharge, whichever occurs first. *See* 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa)-(bb). Following the earlier of these events, the creditor must release the underlying lien(s) and transfer title to any collateral pursuant to non-bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims.

### 7. CLAIMS TO WHICH 11 U.S.C. § 506(a) IS NOT APPLICABLE (910/PMSI)

Debtor incurred the following debt for a purchase money security interest on an automobile for personal use within 910 days of filing or Debtor incurred this debt for a purchase money security interest on collateral other than an automobile within one (1) year of filing.

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|---|
|  |  |  |  |  |

### 8. VALUATION: 11 U.S.C. § 506 (CRAMDOWN)

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 U.S.C. § 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed below, the available funds will be disbursed by the Trustee according to funds on hand, and approximate the amounts listed below as closely as possible.

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|---|
| Capital One | Lien |  | $100.00 | $100.00 |
| Discover Bank | Lien |  | $100.00 | $100.00 |
| Wells Fargo | Lien |  | $100.00 | $100.00 |

### 9. DOMESTIC SUPPORT OBLIGATION: 11 U.S.C. §§ 101(14A), 1325(a)(8), 1302(d)(1), 1302(b)(6)

**CHOOSE: (X)**

☒ This Paragraph is not applicable.

☐ Debtor _____ **(NAME)** is obligated to pay a domestic support obligation.

**MANDATORY FORM PLAN (Revised 12/2014)**

☐ Joint Debtor  _____  **(NAME)** is obligated to pay a domestic support obligation.

Provide the name, address and phone number of the **recipient(s):**

| Recipient Name | Address | Phone Number | Obligor |
|---|---|---|---|
|  |  |  |  |

The domestic support obligation(s) above shall be paid as follows:

| Recipient Name | Paid By | Estimated Arrearage Amount, If Any, To Be Paid | Monthly Arrearage Payment | Regular Monthly Payment | Total Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

The name, address and phone number of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**

Debtor proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Estimated Amount of Default Being Cured | Interest Paid (None OR Indicate %) |
|---|---|---|---|---|---|
| Wilmington Savings | Home | 0589 | $400.00 | $37,000.00 | 0.00% |

**Arrearage Claim(s)**

Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest. Unless modification of creditor(s)' rights is specified in the Plan, Debtor's statement of the arrearage(s) under this Paragraph shall be considered an estimate, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective proofs of claim (subject to Debtor's objections thereto).

**MANDATORY FORM PLAN (Revised 12/2014)**

## 11. MORTGAGE CLAIMS AND OTHER CLAIMS SECURED BY REAL PROPERTY

**Post-Petition Mortgage/Monthly Payments Disbursed By Trustee (Conduit)**

**Regular Mortgage/Monthly Payments**

Trustee shall pay the regular mortgage (monthly) payments beginning with the first payment due after the filing of the case as indicated below. Any proof of claim must specify the arrearage amount and the principal amount and monthly payment amount. *See* Form B 10, Proof of Claim; Form B 10A (Attachment A), Mortgage Proof of Claim Attachment. Also, the holder of a mortgage shall file a Form B 10S1 (Supplement 1), Notice of Mortgage Payment Change and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the Notice of Mortgage Payment Change. *See* Fed. R. Bankr. P. 3001 & 3002.1; *see also* Form B 10S2 (Supplement 2), Notice of Postpetition Mortgage Fees, Expenses, Charges.

| Creditor | Property Address | Last Four Digits of Acct. No. | Monthly Payment | Payment Begin Date |
|---|---|---|---|---|
| Wilmington Savings | Home | 0589 | $1,635.00 | March 1, 2015 |

Interest should not be paid on this monthly payment.

Trustee may increase the Plan payment for conduit cases if served with a filed Notice of Mortgage Payment Change by mortgagee.

## 12. CREDITORS PAID DIRECTLY AND NOT BY THE TRUSTEE

Creditors who will be paid directly by Debtor and not through the Trustee are:

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Payment Begin Date |
|---|---|---|---|---|
|  |  |  |  |  |

Debtor reserves the right to amend and pay these creditors through the Plan by filing a motion to modify.

## 13. EXECUTORY CONTRACTS

*See* Schedule G - Executory Contracts and Unexpired Leases.

| Creditor, Collateral Description and Last Four of Acct No. | Monthly Payment | Payment Begin Date | Payment End Date | Assume/ Reject |
|---|---|---|---|---|
|  |  |  |  |  |

## 14. POST-PETITION CLAIMS AND/OR ADDITIONAL CREDITORS

Post-petition claims which are allowed and upon which creditors file a proof of claim shall be paid the same percentage as pre-petition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor may file a motion to remove or add any creditor to the Plan.

**MANDATORY FORM PLAN (Revised 12/2014)**

### 15. INTEREST RATE

Unless indicated below, secured claims shall be paid interest at the annual percentage rate of ___6.00___ % based upon a declining monthly balance on the amount of the allowed secured claim. This interest shall be paid as a part of payments shown as the monthly payment. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

| Creditor | Interest Rate |
|---|---|
|  |  |

### 16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS AND MISCELLANEOUS CLAIMS OF DEBTOR

Debtor shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Bankruptcy Rules. These funds shall be treated as additional Plan payments or as the Court so otherwise orders. Debtor's case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims have been paid into the Plan or the Court orders otherwise.

### 17. TAX RETURNS AND REFUNDS

Debtor must file tax returns every year unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Trustee unless otherwise ordered by the Court. Debtor may file a motion to retain if the funds are necessary for maintenance and support.

### 18. TRANSFERRED CLAIMS

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. *See* Fed. R. Bankr. P. 3001(e)(2).

### 19. SALE OF REAL ESTATE AND/OR APPLICATION TO INCUR DEBT FOR REFINANCING

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one (1) day before the closing.

### 20. CASUALTY LOSS INSURANCE PROCEEDS

All insurance proceeds must be turned over to the Trustee unless Debtor files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, Debtor, upon motion and order, shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy or substitute collateral by purchasing a replacement vehicle.

Unless the Court orders otherwise, the Trustee will continue to pay the secured claim.

### 21. STUDENT LOANS

**CHOOSE: (X)**
☒ This Paragraph is not applicable.

**MANDATORY FORM PLAN (Revised 12/2014)**

☐ No special treatment is contemplated for student loans, which shall be paid the same as other general unsecured creditors pursuant to Paragraph 1(C) of this Plan.

☐ Student loans will be paid a dividend as listed below. **Note: Debtor may only pay interest to an unsecured creditor if all claims are paid in full.** See **11 U.S.C. § 1322(b)(10)**.

| Creditor | Percentage Paid | Rate of Interest (Indicate %) |
|---|---|---|
|  |  |  |

☐ Student loans are being paid directly by cosigner and shall not be paid through the Plan.

| Creditor | Name of Cosigner Paying |
|---|---|
|  |  |

## 22. SURRENDER OF COLLATERAL

Debtor will surrender the following collateral

| Creditor | Collateral Description/Property Address | Last Four Digits of Acct. No. | Estimated Deficiency Amount |
|---|---|---|---|
|  |  |  |  |

Unless identified above and in Paragraph 30 of this Plan, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. § 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

## 23. DISCHARGE - 11 U.S.C. § 1328

Please refer to the beginning of this Plan.

## 24. AUTOMATIC STAY:

☒ Indicate if a motion to extend or impose stay has been filed.

**CHOOSE: (X)**

☐ Stay is in effect as to all property of the estate unless this Plan indicates otherwise.

☒ 11 U.S.C. § 362(c)(3). One (1) prior case pending within one (1) year.

☐ 11 U.S.C. § 362(c)(4). Two (2) or more prior cases pending within one (1) year.

☐ 11 U.S.C. § 362(b)(20). *In rem* relief within two (2) years after the date of the entry of order for relief in the prior case.

**MANDATORY FORM PLAN (Revised 12/2014)**

## 25. CODEBTORS: 11 U.S.C. § 1322(b)(1)

**CHOOSE: (X)**

☒ This section is not applicable

☐ No special treatment is contemplated for claims for consumer debt of Debtor that another individual is liable on with Debtor.

☐ Under Paragraph 30, the Plan proposes to treat claims for consumer debt of Debtor that another individual is liable on with Debtor differently than other unsecured claims.

☐ Under this Paragraph, the Plan proposes to treat claims for consumer debt of Debtor that another individual is liable on with Debtor differently than other unsecured claims.

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Percentage Paid | Interest Paid (None OR Indicate %) |
|---|---|---|---|---|
|  |  |  |  |  |

## 26. DEFAULT AND WAIVER

Any default of Debtor that is not proposed to be cured in the Plan herein is deemed waived by the confirmation of the Plan.

## 27. MODIFICATION

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of Debtor so requires, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by Debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, Debtor must file a motion to modify and attach amended Schedules I and J based on income and budget at the time of the filing of the motion, as applicable.

## 28. NOTICES

Notice to all parties shall be made by regular mail or electronically.

## 29. CONFIRMATION

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. § 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by Debtor in good faith and it is Debtor's best effort. All conditions of 11 U.S.C. § 521 have been fulfilled, unless otherwise ordered by the Court

## 30. ADDITIONAL PROVISIONS PERTAINING TO DEBTOR

Special provisions are restricted to those items applicable to the particular circumstances of the Debtor. Special provisions shall not contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules or the Mandatory Form Plan.

**MANDATORY FORM PLAN (Revised 12/2014)**

| **Special Provisions:** |  |
|---|---|
| 1. | Debtors shall pay in $10,000 to the Trustee. |
| 2. | The 2nd Mortgage to WIPHH Mortgage shall be stripped pursuant to Motion. The debt shall be paid as a general unsecured creditor upon filing of a timely claim and released upon sale or discharge. The bar date fixed for unsecured creditors shall be binding upon this claim. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, unless otherwise ordered by the Court.

**Case Attorney**
/s/ Robert A. Goering

Dated:        February 23, 2015

I declare under penalty of perjury that the information in this Plan is true and correct.

**Debtor**                                                                                  **Joint Debtor**
/s/ Greg William Gavin                                                        /s/ Carrie Ann Gavin

Dated:        February 23, 2015                                        Dated:        February 23, 2015

**MANDATORY FORM PLAN (Revised 12/2014)**

☒ This Plan was filed with the petition or within seven (7) days thereafter.  Accordingly, the Court will serve the Plan.  *See* LBR 3015-1(b).

☐ This Plan was not filed with the petition or within seven (7) days thereafter.  Accordingly, the Debtor will serve the Plan.  *See* LBR 3015-1(b).

Debtor's Attorney